# Exhibit B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DiscoverOrg, LLC, a Delaware limited liability company;
and Does 1-25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
North America Photon Infotech Ltd., a Mauritius private limited company

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102-4515

CASE NUMBER:
*(Número del Caso):*
CGC-18-571774

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher Sargent, 401 Florence Street, Palo Alto, CA 94301, (650) 327-9800

DATE: DEC 0 3 2018
*(Fecha)*
Clerk, by NEYL WEBB, Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* DiscoverOrg, LLC

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☑ other *(specify):* a limited liability company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Christopher Sargent (SBN 246285)<br>Computerlaw Group LLP<br>401 Florence Street<br>Palo Alto, CA 94301<br>TELEPHONE NO.: (650) 327-9800    FAX NO. (650) 618-1863<br>ATTORNEY FOR (Name): Plaintiff North America Photon Infotech Limited | ENDORSED<br>FILED<br>San Francisco County Superior Court<br><br>DEC 03 2018<br><br>CLERK OF THE COURT<br>BY: NEYL WEBB<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4515
BRANCH NAME: Civil

CASE NAME: North America Photon Infotech Limited v. DiscoverOrg, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-18-571774<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 30, 2018

Christopher Sargent
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800 office
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
NORTH AMERICA PHOTON INFOTECH, LTD.

ELECTRONICALLY
FILED
Superior Court of California,
County of San Francisco
01/29/2019
Clerk of the Court
BY DAVID YUEN
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| North America Photon Infotech, Ltd., a Mauritius private limited company, <br><br> Plaintiff, <br><br> v. <br><br> DiscoverOrg, LLC, a Delaware limited liability company; and Does 1-25, <br><br> Defendants. | Case No. CGC-18-571774 <br><br> FIRST AMENDED COMPLAINT FOR: <br> (1) BREACH OF CONTRACT; <br> (2) FRAUD OR INTENTIONAL MISREPRESENTATION; AND, <br> (3) UNFAIR COMPETITION |

Am. Complaint                                         Case No. CGC-18-571774

Plaintiff North America Photon Infotech Ltd. ("Photon"), by and through its undersigned counsel, alleges the following against Defendants and each of them and particularly as its Complaint against Defendant DiscoverOrg LLC ("DiscoverOrg"), and each of the other Doe Defendants, individually and collectively ("Defendants"), and jointly and severally as follows.

## NATURE OF ACTION

1. This is an action based on DiscoverOrg's fraudulent provision of false data that it has promised would be genuine and valuable, and also for breach of contract for failure to provide the agreed data to Photon. As a result of the provision of the false data, a substantial amount of Plaintiff's resources, in particular related to its marketing system and campaign, were wasted and substantial costs were incurred related to the use of the false and misleading data.

## PARTIES

2. Plaintiff North America Photon Infotech Ltd. is a Mauritius private limited company with its principle place of business in Quatre Bornes, Mauritius.

3. Defendant Discover Org LLC is a Delaware limited liability company with its principle place of business in Vancouver, Washington.

4. Does 1 through 25, inclusive, whether individuals, corporations, associations or otherwise are fictitious names of defendants whose true names and capacities are at this time unknown to Plaintiff. Each of said factiously named defendants, whether individuals, corporations, associations or otherwise is in some way liable or responsible to Plaintiff proximately thereby as hereinafter alleged. At such time as defendants' true names become known to Plaintiff, Plaintiff will ask leave of this Court to amend this Complaint to insert said true names and capacities.

5. Plaintiff is informed and believes and, on that basis, alleges that Defendant, along with Defendants Does 1 through 25, did agree together and conspire together, with knowledge of their unlawful purpose, to take the unlawful actions alleged in this Complaint, and were acting within the full course and scope of their illegal conspiracy, with full knowledge and consent, either express or implied, of each of the other Defendants.

Am. Complaint    1    Case No. CGC-18-571774

## JURISDICTION

6. This Court has general jurisdiction of all claims herein arising under California law in that the Defendants have substantial contacts within the state and harm suffered by Plaintiff occurred in California.

7. Venue is proper because many witnesses and documents are located within San Francisco and harm suffered by Plaintiff occurred in San Francisco.

## FACTUAL BACKGROUND

8. The "Photon Group," of which Plaintiff is a member, was founded in 1999 and is based is Chennai, Tamil Nadu in India with offices in the United States, Canada, Europe, Mauritius, India, Shanghai, and Indonesia. The Photon Group includes the companies Photon Tech, Photon Interactive, and Photon Labs.

9. The Photon Group is a digital innovation partner with over 37 of the Fortune 100 companies that provide architecture and application development, digital and mobile engagement design, and consumer experiences labs to their clients.

10. Since its inception, the Photon Group has had an extensive marketing system and campaign that has grown with the success of their company over past decades. This includes building and maintaining an extensive database of contacts for sales and marketing purposes.

11. DiscoverOrg LLC was founded in 2007 and is based in Vancouver, Washington, with offices in Bethesda, Maryland and Philadelphia, Pennsylvania.

12. DiscoverOrg LLC is a subscription service that offers its B2B intelligence platform that filter, fill-in, and clean out client's data to improve client's marketing and customer service. A key aspect of this process is that DiscoverOrg is to update existing contact information already in the possession of its customers to ensure it is fully up-to-date and not simply providing new data.

13. DiscoverOrg advertises their data to be 95% accurate to its customers.

14. On May 11, 2017, Photon and DiscoverOrg entered into a contractual agreement where DiscoverOrg offered their services to Photon until May 11, 2018 to aid in Photon's marketing system and campaign.

Computerlaw Group LLP
www.computerlaw.com℠

15. Despite advertising themselves as providing accurate data to clients, DiscoverOrg has produced false data, including, but not limited to, fictitious emails and phone numbers linked to real Photon clients during the duration of Photon and DiscoverOrg's contractual relationship.

16. For example, when Photon uploaded data from DiscoverOrg into its system, DiscoverOrg replaced valid contact information of real contacts Photon had maintained for years with fake email addresses that sent any communications intended for the contact Photon previously had to DiscoverOrg instead. They provided over four hundred and fifty (450) fake data points that rewrote the contact information to redirect communications to domains owned by DiscoverOrg.

17. At least twenty-five (25) such false identifications made their way into Photon's marketing systems as a result of DiscoverOrg's provision of fake data.

18. This false data has not only caused Photon's marketing campaign analysis to suffer, which relies heavily on accurate marketing data, but makes DiscoverOrg's false data from Photon's true data undistinguishable because the DiscoverOrg's false data uses Photon's true client contact names.

19. Photon did not have emails for over 5% of their contacts, and over 30% of their contacts had no direct phone numbers, hurting Photon's ability to market itself based on the purportedly genuine data provided by DiscoverOrg.

20. As a result, DiscoverOrg's fake data hugely disrupted Photon's marketing system as well as their marketing campaign, which had previously been more effective than it was after the inclusion of the fake data from DiscoverOrg.

21. Due to DiscoverOrg's inaccurate data, Photon has wasted substantial resources, data, and time on a software they thought would aid in their marketing campaign, causing Photon substantial damages.

## FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 above, as if fully set forth herein.

Am. Complaint 3 Case No. CGC-18-571774

1  22. Photon and DiscoverOrg entered into a written contract on May 11, 2017.

2  23. Photon performed all the obligations it was required to perform under the EULA
3  and related Order form.

4  24. Defendant DiscoverOrg breached the contract by failing to provide to the agreed
5  quality guarantee of 95% accuracy in their data and by knowingly providing false data despite its
6  agreement to provide genuine data.

7  25. As a result of DiscoverOrg's breach of contract, Photon has been damaged in an
8  amount which is believed to be $47,920 plus additional costs resulting from the substantial
9  resources devoted to pursuing leads based on false and fraudulent data in an amount to be proven
10 at trial.

## SECOND CAUSE OF ACTION

### (FRAUD OR INTENTIONAL MISREPRESENTATION)

13 26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 above,
14 as fully set forth herein.

15 27. DiscoverOrg represented to Photon that DiscoverOrg guarantees their data is at
16 least 95% accurate to Photon in the EULA and advertised that its data is genuine, such as at:
17 https://discoverorg.com/product/our-data/.

18 28. DiscoverOrg's representation of providing 95% accurate data was false, as were
19 its representations regarding the genuineness of its data.

20 29. DiscoverOrg was fully aware that they would not be providing genuine data,
21 making its statements about accuracy and genuineness knowingly false when made or,
22 alternatively, it made the representations recklessly and without regard for their truth.

23 30. DiscoverOrg intended for Photon to rely on their inaccurate data to use for
24 Photon's well-established marketing system and campaign and to substitute Photon's pre-
25 existing data with DiscoverOrg's fake data.

26 31. Photon reasonably relied on DiscoverOrg's inaccurate data believing it would aid
27 in their marketing system and campaign.

28

Computerlaw Group LLP
www.computerlaw.com

32. Photon was and continues to be harmed by DiscoverOrg's false representations because of the losses and inefficiencies caused by the infection of Photon's marketing program with DiscoverOrg's fake data.

33. By providing inaccurate data, Photon suffered substantial damages in an amount to be determined at trial but believed to be in excess of $150,000.

34. Photon's reliance on DiscoverOrg's inaccurate data was a substantial factor in causing their harm.

35. DiscoverOrg's conduct, as described above, was a series of intentional misrepresentations, deceits, concealments, or suppressions of material facts known to it with the intention on its part of inducing Photon to pay for software that would not meet Photon's needs or otherwise causing injury to Photon. DiscoverOrg's conduct, as described above, was despicable conduct that subjected Photon to cruel and unjust hardship, and that was carried out by DiscoverOrg and its authorized representatives with a willful and conscious disregard of the rights of Photon, notwithstanding DiscoverOrg's knowledge of the damages that would be suffered by Photon as a result of such fraudulent acts and omissions. DiscoverOrg knew that its fraudulent acts and omissions would directly affect and impinge upon Photon's business operations, costing Photon substantial sums, and that it was completely certain that Photon would suffer harm. DiscoverOrg knew that Photon would rely upon its statements, representations, and affirmations of fact; knew that it was in the best position to know and understand its own abilities, or lack thereof; and knew that potential injuries might be suffered by Photon. Notwithstanding this knowledge, DiscoverOrg, in willful and conscious disregard of the rights of Photon, repeatedly and intentionally refused to correct said fraudulent acts and omissions in order to advance DiscoverOrg's own pecuniary and other interests. DiscoverOrg's fraudulent acts and omissions, as described above, were so willful and wanton, and in such reckless and conscious disregard of the rights of Photon, it is justified to award punitive damages against DiscoverOrg in an amount necessary to punish DiscoverOrg and to deter it from such actions in the future, in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### (UNFAIR COMPETITION)

36.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 above, as fully set forth herein.

37.   DiscoverOrg's false advertising, fraudulent promises and provision to Photon of false data constitutes unlawful, unfair and/or fraudulent business practice by DiscoverOrg in violation of California Business and Professions Code section 17200.

38.   As a result of DiscoverOrg's false advertising and fraudulent promises, Photon suffered damages in the form of poorly performing marketing campaigns, loss of valuable contact information data that was replaced by fake information and related damages.

39.   As a result of DiscoverOrg's unfair competition, Photon should be awarded restitution of all sums paid and an injunction should issue barring DiscoverOrg from further provision of fake data it represents to be genuine.

### PRAYER OF RELIEF

WHEREFORE Plaintiff prays for judgment against Defendant and persons in control of or acting in concert therewith, as follows:

A.   On the First Cause of Action, for damages in an amount to be determined at trial, but which are believed to be in excess of $47,920;

B.   On the Second Cause of Action, for damages in an amount to be determined at trial, but which are believed to be in excess of $150,000;

C.   On the Second Cause of Action, for punitive damages in an amount to be determined at trial;

D.   On the Third Cause of Action for restitution to Photon of all sums paid;

E.   On the Third Cause of Action, for an injunction to issue ordering DiscoverOrg to cease its unfair business practices and cease providing its customers with false data;

F.   For reasonable attorneys' fees and litigation expenses as allowed by law;

G.   For all costs of suit herein incurred; and

H.   For such other and further relief that the Court deems just and proper.

Dated: January 29, 2019

Respectfully submitted,
COMPUTERLAW GROUP LLP

By: */s/Christopher Sargent*
Jack Russo
Christopher Sargent

Attorneys for Plaintiff
NORTH AMERICA PHOTON INFOTECH, LTD.




# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package

> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

## WHY CHOOSE ADR?
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:
- ADR can save time. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- ADR can save money, including court costs, attorney fees, and expert fees.
- ADR encourages participation. The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- ADR is more satisfying. For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

## WHAT ARE THE ADR OPTIONS?
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

## 1) MANDATORY SETTLEMENT CONFERENCES
Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF), in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) JUDICIAL MEDIATION PROGRAM provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) PRIVATE MEDIATION: Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) COMMUNITY BOARDS MEDIATION SERVICES: Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

For more information about ADR programs or dispute resolution alternatives, contact:

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.</u>

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |

1) The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** – Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** – Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** – Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** – The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program) _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐ Other ADR process (describe) _____

2) The parties agree that the ADR Process shall be completed by (date): _____
3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

Name of Party Stipulating

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated:

Name of Party Stipulating

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated:

☐ Additional signature(s) attached

ADR-2  10/18            STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CASE NUMBER: CGC-18-571774  NORTH AMERICA PHOTON INFOTECH, LTD VS. DISCOVE

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:  MAY-08-2019

TIME:  10:30AM

PLACE: Department 610
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
>
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

Superior Court Alternative Dispute Resolution Administrator
400 McAllister Street, Room 103-A
San Francisco, CA 94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.