UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTH AMERICA PHOTON INFOTECH, LTD<br><br>Plaintiff,<br><br>v.<br><br>DISCOVERORG, LLC,<br><br>Defendant. | Civil Action No. 1:20-cv-02180-JSR<br><br>Hon. Jed S. Rakoff |

### [PROPOSED] STIPULATED PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material or Highly Confidential Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as

Confidential only such portion of such material as consists of:

    a)    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    b)    previously nondisclosed material relating to ownership or control of any non-public company;

    c)    previously nondisclosed business plans, product development information, or marketing plans;

    d)    any information of a personal or intimate nature regarding any individual; or

    e)    any other category of information hereinafter given confidential status by the Court.

3.    The person producing any given Discovery Material may designate as Highly Confidential Attorneys' Eyes Only such portion of such material as consists of confidential information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means and includes information such as current or future financials, business plans, or technical trade secrets.

4.    With respect to the Confidential or Highly Confidential Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted.  With respect to deposition

transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential or Highly Confidential Attorneys' Eyes Only information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Attorneys' Eyes Only Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential Attorneys' Eyes Only, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Highly Confidential Attorneys' Eyes Only under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a) the parties to this action;

    b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e) any person retained by a party to serve as an expert witness or otherwise provide

specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f)     stenographers engaged to transcribe depositions conducted in this action; and

    g)     the Court and its support personnel.

7. Absent written permission from the producer or further order of the Court, no person subject to this Order other than the producing person may disclose Highly Confidential Attorneys' Eyes Only information to any person other than those identified in paragraph 6(b), 6(c), 6(e), 6(f), and 6(g).

8. Prior to any disclosure of any Confidential Discovery Material or Highly Confidential Attorneys' Eyes Only Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. All Confidential Discovery Material and Highly Confidential Attorneys' Eyes Only Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material and Highly Confidential Attorneys' Eyes Only Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's

Electronic Case Filing system, that redacts only the Confidential Discovery Material and Highly Confidential Attorneys' Eyes Only Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material or Highly Confidential Attorneys' Eyes Only Discovery Material.

10. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential Attorneys' Eyes Only. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential or Highly Confidential Attorneys' Eyes Only document or information contained in any Confidential or Highly Confidential Attorneys' Eyes Only document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material or Highly Confidential Attorneys' Eyes Only Discovery Material that has been designated as Confidential or Highly Confidential Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information

subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an <u>in camera</u> review of the Inadvertently Disclosed Information.

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" and/or "Highly Confidential Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

19. This Court shall retain jurisdiction over all persons subject to this Order to

the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: June 5, 2020
New York, New York

By: _s/ Christopher Sargent_
Christopher Sargent
**COMPUTERLAW GROUP LLP**
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Fax: (650) 618-1863
Email: csargent@computerlaw.com

*Attorneys for Plaintiff*
*North America Photon Infotech, Ltd.*

By: _s/ Oren J. Warshavsky_
Oren J. Warshavsky
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Fax: (212) 589-4201
Email: owarshavsky@bakerlaw.com

*Attorneys for Defendant*
*DiscoverOrg, LLC*

{ Replaces Any Previously Entered Protective Order

**IT IS HEREBY SO ORDERED.**

Dated: __6/8__, 2020
New York, New York

_[signature]_
The Honorable Jed S. Rakoff
United States District Court Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NORTH AMERICA PHOTON INFOTECH, LTD<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DISCOVERORG, LLC,<br><br>　　　　　　　Defendant. | Civil Action No. 1:20-cv-2180-JSR<br><br>Hon. Jed S. Rakoff<br>**<u>Non-Disclosure Agreement</u>** |

　　　　I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential Attorneys' Eyes Only. I agree that I will not disclose such Confidential Discovery Material or Highly Confidential Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____　　　　　_____