UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NORTH AMERICA PHOTON INFOTECH,          :
LTD.,                                   :
                                        :
        Plaintiff,                      :
                                        :          20-cv-2180(JSR)
        -v-                             :
                                        :          OPINION AND ORDER
DISCOVERORG, LLC                        :
                                        :
        Defendant.                      :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

    In this lawsuit, plaintiff alleges causes of action for
breach of contract, intentional misrepresentation, and unfair
competition, seeking monetary and injunctive relief. Second Am.
Compl. ("Compl.") Prayer for Relief, ECF No. 49 (Apr. 7. 2020).
Defendant now moves to dismiss the intentional misrepresentation
and unfair competition counts as duplicative of the breach of
contract count, and, in any case, insufficiently pled.[1] For the
following reasons, the motion is granted with prejudice.

    Plaintiff North America Photon Infotech Ltd. ("Photon") is
a "digital innovation" company, Compl. ¶ 6, that, like many
businesses, maintains an extensive database of contacts for
sales and marketing purposes. Id. ¶ 7. Defendant DiscoverOrg,
LLC is a marketing company that offers its customers access to a

_____

[1] The breach of contract count is not itself at issue in this
motion.

1

database of contact information on a subscription basis. See id.
¶ 9. DiscoverOrg also offers a service by which it reviews a
company's pre-existing marketing contact data for accuracy. Id.
DiscoverOrg advertises its data to be 95% accurate. Id. ¶ 10.

On May 11, 2017, Photon and DiscoverOrg entered into a
contractual agreement under which DiscoverOrg offered its
services to Photon until May 11, 2018, in order to aid in
Photon's marketing campaign. Id. ¶ 11. The contract obligated
DiscoverOrg to provide data that was at least 95% accurate.
Contract § 5.2, Ex. A to Longstaff Decl., ECF No. 54 (May 1,
2020).[2] The contract required lower accuracy thresholds for
DiscoverOrg's review of Photon's pre-existing data. Id. Ex A.

Photon now alleges that DiscoverOrg breached the contract
by providing inaccurate data. Moreover, Photon alleges that, by
doing so intentionally and through a misleading advertisement,
DiscoverOrg committed the torts of intentional misrepresentation
and unfair competition.

Specifically, the Complaint pleads that DiscoverOrg's
review of Photon's pre-existing data not only introduced

---

[2] Section 5.2 reads: "If more than 5% of the Licensed Material
Contracts are no longer employed by their listed companies, upon
notice from the Licensee, DiscoverOrg shall have 30 days to
correct the Licensed Material in order to make it at least 95%
accurate. If DiscoverOrg is unable to achieve 95% accuracy
within 30 days, upon Licensee's request, Licensee may terminate
this Agreement and shall be entitled to a pro-rated refund of
any pre-paid fees as of the date of the original notice."

inaccurate contact information, but in fact replaced accurate information that Photon already had about its customers with false contact information. Compl. ¶ 12. For example, when Photon uploaded data from DiscoverOrg into its system, DiscoverOrg replaced over 450 valid email addresses of real contacts Photon had maintained for years with fake email addresses that sent any communications intended for the Photon contact to DiscoverOrg instead. Id. ¶ 13. As a result, Photon's marketing campaign suffered, and Photon wasted substantial resources, data, and time. Id. ¶¶ 15, 18.

For the purpose of evaluating the instant motion to dismiss, the Court disregards "legal conclusion[s] couched as . . . factual allegation[s]," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)), but "accept[s] as true all of the factual allegations set out in plaintiff's complaint [and] draws inferences from those allegations in the light most favorable to plaintiff.'" Rescuecom Corp. v. Google Inc., 562 F.3d 123, 127 (2d Cir. 2009) (quoting Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)). The net result must be "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Defendant first moves to dismiss the intentional misrepresentation claim on the ground that it is duplicative of plaintiff's breach of contract claim. The Court agrees that

3

plaintiff has not stated any distinct claim for relief in tort. Under New York law (which here governs), "[w]hen a valid agreement governs the subject matter of a dispute between parties, claims arising from that dispute are contractual; attempts to repackage them as sounding in fraud, conversion, and other torts, . . . are generally precluded . . . ." Bancorp Servs., LLC v. Am. Gen. Life Ins. Co., No. 14-cv-9687 (VEC), 2016 WL 4916969, at *9 (S.D.N.Y. Feb. 11, 2016) (quoting Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy, 449 Fed. App'x 57, 59 (2d Cir. 2011)). A party cannot set forth an independent tort claim by "simply dressing up a breach of contract claim by further alleging that the promisor had no intention, at the time of the contract's making, to perform its obligations thereunder." Telecom Intern. Am., Ltd. v. AT&T Corp., 280 F.3d 175, 196 (2d Cir. 2001) (quoting Best Western Int'l, Inc. v. CSI Int'l Corp., No. 94-cv-0360 (LMM), 1994 WL 465905, at *4 (S.D.N.Y. Aug. 23, 1994)).

Separate claims for fraud and breach of contract exist only when a plaintiff can "(i) demonstrate a legal duty separate from the duty to perform under the contract, or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract, or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." Guilbert v. Gardner, 480 F.3d 140, 148 (2d Cir. 2007).

4

Plaintiff relies on the second and third such exceptions. As to the second, plaintiff claims that it has pled a fraudulent misrepresentation extraneous to the contract, essentially arguing that there was fraud in the inducement because Photon would not have entered into the contract but for DiscoverOrg's representations about the accuracy of its data. Compl. ¶ 29. But this is unpersuasive. Generally, "allegations of false statements of intent to perform contractual obligations are not sufficient to support a fraud claim." Sofi Classic S.A. de C.V. v. Hurowitz, 444 F. Supp. 2d 231, 244 (S.D.N.Y. 2006). False statements about facts collateral to the contract are potentially actionable as fraud — in Hurowitz, for example, false statements about the promisor corporation's financial condition that the plaintiff relied upon in entering the contract, 444 F. Supp. 2d at 245 — but there is no allegation of such statements here beyond DiscoverOrg's advertisements.

As to the third Guilbert exception, plaintiff argues that it can recover greater damages in fraud than it can in contract. But this is similarly unavailing. Plaintiff cites Deerfield Commc'ns Corp. v. Chesebrough-Ponds, Inc., 68 N.Y.2d 954, 956 (1986), where the Court of Appeals upheld a jury's decision to award separate damages for fraud and breach claims. But subsequent courts have distinguished Deerfield on the ground that the breach claim there was premised on the defendant's

failure to pay a purchase price, while the fraudulent inducement claim stemmed from the "plaintiff's alleged failure to adhere to an oral agreement to resell within geographic limits." Mosaic Caribe, Ltd. v. Allsettled Grp., Inc., No. 651798/2012, 2013 WL 3890003 at *4 (N.Y. Sup. Ct. July 25, 2013). Here, unlike in Deerfield, the fraud claim rests on an identical set of facts as the breach claim. The intentional misrepresentation claim must therefore be dismissed as duplicative of the breach of contract claim.

While the foregoing is sufficient to dispose of the intentional misrepresentation claim, the Court also agrees with defendant that this clam is inadequately pled. Specifically, as defendant argues, plaintiff has not adequately pled the knowledge and intent elements of fraud. See Crigger v. Fahnestock and Co., Inc., 443 F.3d 230, 234 (2d Cir. 2006).

Apart from the conclusory assertion in the complaint that defendant provided false marketing information with the requisite state of mind, Compl. ¶ 27, the only alleged facts that potentially suggest that defendant acted with knowledge of falsity and intent to defraud are that DiscoverOrg's database contained inaccurate data, Compl. ¶¶ 12; that DiscoverOrg advertised its data to be 95% accurate, Compl. ¶¶ 10, 25; that when reviewing Photon's pre-existing contact data for accuracy, DiscoverOrg deleted accurate data and replaced it with

inaccurate data, including false phone numbers and email addresses, Compl. ¶¶ 12-14; and that 450 of the false email addresses were linked to domains owned by DiscoverOrg, Compl. ¶ 13.

But even taking these facts together and drawing every reasonable inference in plaintiff's favor, the Court finds that plaintiff does not raise a plausible claim for intentional misrepresentation. Only the third and fourth facts above give the Court some pause: that DiscoverOrg deleted Photon's accurate contact information and replaced it with inaccurate email addresses linked to DiscoverOrg seems a more egregious mistake than the first two. But even this allegation does not give rise to a plausible inference of intentional wrongdoing, as opposed to mere negligence. The facts stated in plaintiff's complaint, therefore, do not "nudge[ the intentional misrepresentation claim] across the line from conceivable to plausible." Twombly, 550 U.S. at 570. This also provides a sufficient ground for dismissal.

Defendant next argues that plaintiff's unfair competition count must be dismissed on the same grounds as above. Plaintiff alleges unfair competition, under both New York law and the federal Lanham Act, 15 U.S.C. § 1125(a)(1)(B), based on "DiscoverOrg's false advertising, fraudulent promises and provision to Photon of false data in bad faith." Compl. ¶ 35.

But for the same reasons as above, there is no cause of action under New York law. First, an element of New York unfair competition is bad faith or intent, Nadel v. Play-By-Play Toys & Novelties, Inc., 208 F.3d 368, 383 (2d Cir. 2000), which plaintiff does not adequately allege. Second, this claim, as a matter of New York law, is also duplicative of the breach of contract claim. See Bytemark, Inc. v. Xerox Corp., 342 F. Supp. 3d 496, 508-09 (S.D.N.Y. 2018) (holding that a plaintiff cannot maintain an unfair competition claim under New York law when that claim is "based entirely on the same alleged conduct proscribed by contract" and not prohibited by an "independent duty in tort").

The Lanham Act claim, however, must be analyzed separately. For one, it is a separate federal cause of action and is thus not subject to the rule of New York law in Bytemark. Moreover, knowledge and intentionality are not essential elements of a Lanham Act false advertising claim. The statute simply grants a cause of action against "[any] person who . . . uses in commerce any word, term, name, symbol, or device . . . , which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B);   cf. Merck Eprova AG v. Brookstone Pharm., LLC, 920 F. Supp. 2d 404, 417 (S.D.N.Y. 2013)

(explaining that intentionality is sufficient to satisfy another element of a Lanham Act claim in some circumstances, thereby suggesting that intentionality is not a necessary element).

Here, instead, defendant argues that plaintiff has not adequately pled that DiscoverOrg made a false or misleading statement in an advertisement. The Court agrees. The complaint alleges that that DiscoverOrg advertised on its website that its data is at least 95% accurate. Compl. ¶¶ 10, 25. The complaint further alleges that DiscoverOrg provided 450 false email addresses during its review of Photon's marketing data. But the complaint does not allege the corresponding denominator, i.e., the total number of data points provided by DiscoverOrg to Photon, which is necessary to evaluate whether the false data provided to Photon exceeded 5% of the total. Accordingly, the complaint alleges no factual support for its bare assertion that DiscoverOrg's advertising was inaccurate. Compl. ¶ 26. The Lanham Act claim for this reason is dismissed.

The Court further holds that the motion to dismiss must be granted with prejudice with respect to both the intentional misrepresentation claim and the unfair competition claim. Generally, under the liberal pleading standard of Fed. R. Civ. P. 15(a)(2), a motion to dismiss under Rule 12(b)(6) should be granted without prejudice. But leave to amend should be denied where it would cause undue prejudice or where it would be

impossible to cure the defect with an amendment. See Dougherty
v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87-
88 (2d Cir. 2002). Here, leave to amend would clearly be futile
with respect to the intentional misrepresentation count, as well
as the New York cause of action for unfair competition. Pleading
additional facts would not save either of these claims from the
problem of duplication of the contract claim; only a wholesale
change in plaintiff's legal theory could accomplish that. The
Court is, moreover, skeptical that plaintiff can plead facts
that plausibly suggest intentional wrongdoing by defendant.

The Lanham Act claim presents a closer question. Here, two
additional facts — the total number of data points provided to
Photon by DiscoverOrg, plus the total number of false data
points (if higher than 450) — could potentially raise a valid
claim to relief. Notwithstanding this, the Court finds that
leave to amend would be futile here as well. Despite the Court
expressly asking him at oral argument to do so, Plaintiff's
counsel was unable to proffer even an estimate of the total
number of data points received by his client from DiscoverOrg.
See Transcript (June 5, 2020). Nor did Plaintiff's counsel
provide additional examples, beyond the 450 email addresses, of
inaccurate data so provided, which might have supported an
inference that this data exceeded 5% of the total. This data is

reasonably in Photon's possession, yet counsel has not pled it despite having had roughly eighteen months to do so.[3]

The motion to dismiss Counts Two and Three of the Second Amended Complaint is accordingly granted with prejudice. The case will proceed as a claim for breach of contract only.

SO ORDERED.

Dated: New York, NY
       June 8, 2020

JED S. RAKOFF, U.S.D.J.

---

[3] It bears further noting that this case has suffered a lengthy procedural history. The action was filed in California state court in December 2018 and removed to the federal district court for the Northern District of California in March 2019. ECF No. 1 (Mar. 7, 2019). It had already been pending for well over a year by the time it was transferred to this Court in March 2020. ECF No. 39 (Mar. 11, 2020). Leave to amend would only result in further delay in this matter, an outcome not consistent with the interests of justice.